IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Sherri L. Plotkin (3216)**
**Rheingold & Giuffra Ruffo & Plotkin LLP**
551 Fifth Avenue, 29th Floor
New York, NY 10176
(212) 684-1880
*Attorneys for Plaintiff*

| | |
|---|---|
| GINA BARRELLA,<br><br>                Plaintiff(s),<br><br>-against-<br><br>CITY OF ATLANTIC CITY, ALLIANCE FOR ATLANTIC CITY FOUNDATION, LIVE NATION WORLDWIDE, INC. and LIVE NATION ENTERTAINMENT, INC.,<br><br>                Defendants(s). | CIVIL ACTION<br><br>**COMPLAINT, JURY DEMAND & CERTIFICATION PURSUANT TO LOCAL RULE 11.2**<br><br>Docket No.: |

Plaintiff GINA BARRELLA, by and through her attorneys, Rheingold Giuffra Ruffo & Plotkin, LLP and Sherri L. Plotkin, Esq. appearing, Plaintiff complains of the Defendants as follows:

### THE PARTIES

1.      Plaintiff, GINA BARRELLA ("BARRELLA"), is a citizen of the State of New York residing in the County of Westchester, Town of New Rochelle and State of New York.

2. Defendant, ATLANTIC CITY (hereinafter "ATLANTIC") was and still is a domestic municipal corporation duly organized and existing under and by virtue of the laws of the State of New Jersey, with a principal place of business located at 1301 Bacharach Boulevard, Atlantic City, New Jersey.

3. Defendant ALLIANCE FOR ATLANTIC CITY FOUNDATION (hereinafter "ALLIANCE") was and still is a New Jersey not-for-profit corporation duly organized and existing under and by virtue of the laws of the State of New Jersey, with a principal place of business located at 2301 Boardwalk Hall, Atlantic City, New Jersey.

4. Defendant LIVE NATION WORLDWIDE, INC. (hereinafter "WORLDWIDE") is a foreign business corporation duly organized and at the time of the incidents set forth herein, existing under and by virtue of the laws of the State of Delaware, with offices located at 9348 Civic Center Drive, Beverly Hills, California.

5. Defendant LIVE NATION ENTERTAINMENT, INC. ("LIVE") is a foreign business corporation duly organized and existing under and by virtue of the laws of the State of Delaware Corporation with its principal place of business located in Beverly Hills, California.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action under 28 U.S.C. § 1332, in that the amount of controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) and plaintiff is a citizen of a State which is different from the States where defendants are citizens of and where the defendants are incorporated and have their principal places of business.

7. Venue is proper in this district because the accident occurred in Atlantic City, New Jersey in Atlantic County, which falls within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

8. Defendant WORLDWIDE is a global entertainment company that, among other things, owns, leases, manages, and/or exclusively books musical events at various venues worldwide.

9. Defendant WORLDWIDE is presently, and has been at all times herein mentioned, transacting business within the State of New Jersey and/or contracted to supply goods or services in the State of New Jersey.

10. That at all times herein relevant, defendant WORLDWIDE committed a tortious act within the State of New Jersey.

11. Defendant LIVE is in the business of, among other things, promoting and producing musical events at various venues.

12. Defendant LIVE does business under the names "Live Nation", "Ticketmaster" and "Ticketweb."

13. Defendant LIVE is presently, and has been at all times herein mentioned, transacting business within the State of New Jersey and/or contracted to supply goods or services in the State of New Jersey.

14. That at all times herein relevant, defendant LIVE committed a tortious act within the State of New Jersey.

15. Defendants WORLDWIDE, LIVE and ALLIANCE promoted and produced a musical concert which was held on August 16, 2015 featuring a band known as Maroon 5 concert (hereinafter referred to as the "Maroon 5 concert") to be performed in the City of Atlantic City, State of New Jersey, which is owned by defendant ATLANTIC.

3

16. The aforesaid Maroon 5 concert took place on the beach on August 16, 2015, adjacent to the section of the boardwalk situated between The Playground at Arkansas Avenue and Central Pier at St. James Place, in Atlantic City, New Jersey.

17. On or about August 16, 2015, and for some time prior thereto, Defendants, either jointly, severally or in the alternative, either individually or by and through their employee(s), agent(s), servant(s), representative(s) and/or assignees promoted and/or sold advance tickets to the Maroon 5 concert upon payment of the requisite fees.

18. That at all times herein mentioned, defendant ATLANTIC entered into a contract with defendant WORLDWIDE permitting a musical concert featuring the band Maroon 5 to perform on its property on August 16, 2015.

19. That at all times herein mentioned defendant ATLANTIC entered into a contract with defendant LIVE permitting a musical concert featuring the band Maroon 5 to perform on its property on August 16, 2015.

20. That at all times herein mentioned defendant ALLIANCE entered into a contract with defendant WORLDWIDE permitting a musical concert featuring the band Maroon 5 to perform on the beach in Atlantic City, New Jersey on August 16, 2015.

21. That at all times herein mentioned defendant ALLIANCE entered into a contract with defendant LIVE permitting a musical concert featuring the band Maroon 5 to perform on the beach in Atlantic City, New Jersey on August 16, 2015.

### ALLEGATIONS OF DEFENDANTS' NEGLIGENCE

22. On or about August 16, 2015, and for some time prior thereto, Defendants, either jointly, severally or in the alternative, either individually or by and through their employee(s),

4

agent(s), servant(s), representative(s) and/or assignees were responsible to ensure that tickets to the Maroon 5 concert were not oversold.

23. On or about August 16, 2015, and for some time prior thereto, Defendants, either jointly, severally or in the alternative, either individually or by and through their employee(s), agent(s), servant(s), representative(s) and/or assignees were responsible to ensure that the venue for this scheduled Maroon 5 concert could safely accommodate the number of persons purchasing tickets to attend said concert.

24. On or about August 16, 2015, and for some time prior thereto, Defendants, either jointly, severally or in the alternative, either individually or by and through their employee(s), agent(s), servant(s), representative(s) and/or assignees was/were responsible for all aspects of providing a safe and secure environment at the concert for paid attendees.

25. On or about August 16, 2015, and for some time prior thereto, Defendants, either jointly, severally or in the alternative, either individually or by and through their employee(s), agent(s), servant(s), representative(s) and/or assignees was/were responsible for all aspects of providing a safe and secure environment at the concert for paid attendees, including but not limited to, the provision of security and/or law enforcement.

26. That on or about August 16, 2015, defendants either jointly, severally or in the alternative, either individually or by and through their employee(s), agent(s), servant(s), representative(s) and/or assignees was/were responsible for the supervision and crowd control at the concert.

27. At all times relevant to this complaint defendants either jointly, severally or in the alternative, either individually or by and through their employee(s), agent(s), servant(s),

5

representative(s) and/or assignees was/were responsible pursuant to a contractual and/or other agreement with defendant ATLANTIC to provide public safety, law enforcement and/or security and/or other relevant services at the aforesaid Maroon 5 concert.

28. On August 16, 2015 and at all relevant times herein mentioned Defendants, either jointly, severally or in the alternative, either individually or by and through their employee(s), agent(s), servant(s), representative(s) and/or assignees was/were responsible to provide proper and adequate training of security and/or crowd management personnel assigned to oversee, monitor and supervise the activities of the patrons attending the Maroon 5 concert.

29. On August 16, 2015, Defendants either jointly, severally or in the alternative, either individually or by and through their employee(s), agent(s), servant(s), representative(s) and/or assignees was/were responsible had a non-delegable duty to provide reasonable security measures in order to minimize foreseeable dangers to visitors on their property, including the danger associated with large crowds and overcrowding.

30. At some time prior to August 16, 2015 plaintiff purchased a ticket to the Maroon 5 concert scheduled for August 16, 2015 in Atlantic City, New Jersey.

31. On August 16, 2015, plaintiff attended the Maroon 5 concert in Atlantic City, New Jersey.

32. On August 16, 2015, while plaintiff was attempting to exit the concert location, she was caused to sustain serious and permanent personal injuries when she was trampled and/or knocked over by a mass of uncontrolled and unmanaged concert attendees.

33. As result of the foregoing, plaintiff has sustained serious and permanent injuries, including but not limited to, a fractured left thumb, tear of the left radial collateral ligament and other injuries so severe as to require surgical intervention.

34. Defendants, their respective employees, agents, servants and/or licensees were negligent and/or grossly negligent in the promotion, production direction, management, supervision, control, ticket sales and security of the premises, venue and the Maroon 5 concert and breached the duty of care which they owed to plaintiff; in carelessly and negligently overselling this event; in failing to properly account for the number of people this outdoor venue could safely hold and/or handle; in creating a dangerous and hazardous condition by causing, permitting and allowing too many tickets to be sold for this event, thereby causing a dangerously overcrowded condition at the venue, thereby posing a threat and danger to all persons lawfully attending said event, and more particularly for the plaintiff herein; in failing to properly and accurately create a sufficient and adequate number of exits from the beach and boardwalk area where the concert was being performed thereby causing and creating bottlenecks of attendees with insufficient space for said attendees to safely exit the area; in causing, permitting and creating a gross overcrowding of the venue space, constituting a danger and hazard to persons attending said concert; in failing to provide sufficient and adequate security for the subject concert, including failing to provide sufficiently and adequately trained security personnel to supervise, monitor and oversee the activities of the patrons attending said concert; in failing to ensure the orderly entrance and exit of patrons; in failing to appropriately train their security personnel; in failing to supervise their security personnel; in failing to properly and/or adequately supervise the premises and venue in order to ensure that their security personnel were using reasonable care in the performance of their

7

duties, in failing to staff the subject concert with competent security personnel; in negligently hiring security personnel for the subject concert; in negligently hiring unfit employees and/or security personnel, creating a risk of harm to all individuals present at the subject venue and concert, including the plaintiff; in, through their actions, exhibiting a willful disregard for the health and safety of invitees of the premises, including the plaintiff; and in failing to promulgate adequate and safe protocols, rules and/or regulations for security at the Maroon 5 concert.

35. That by reason of the foregoing negligence on the part of the said defendants, their agents, servants, licensees and/or employees, the Plaintiff was caused to suffer serious, permanent and disabling personal injuries and complications to her head, limbs, extremities and body; she has become sick, sore, lame and disabled, and upon information and belief, such disability is continuing; that she necessarily received and continues to receive hospital and medical attention in an endeavor to cure and/or alleviate her said injuries; that she incurred, and will continue to incur, hospital and medical expenses; that she has been disabled from attending to her recreational and vocational activities and upon information, such disability is continuing; and she has been caused to suffered physical pain, mental anguish and emotional distress as well as a loss of enjoyment of life and such disability is continuing.

36. That by reason of the foregoing plaintiff has been damaged and requires a sum to sufficient to compensate her for the injuries and pain and suffering she sustained.

### DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a jury trial as to all issues so triable as a matter of right, pursuant to F.R.C.P. 38(b)(1) and 38(c).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands upon defendants:

a. actual, compensatory and statutory damages;

b. punitive damages as allowed by law;

c. pre and post-judgment interest as allowed by law;

d. an award of attorneys' fees as allowed by law;

e. an award of taxable costs; and

f. any and all such further relief as this Court deems just and proper.

RHEINGOLD GIUFFRA RUFFO & PLOTKIN LLP
Attorneys for Plaintiff

By: _____
Sherri L. Plotkin
NJ Bar ID No.: 024391989
splotkin@rheingoldlaw.com

Dated: May 2, 2017

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I hereby certify that to the best of my personal knowledge that the within claims of Plaintiff are not the subject of any other action pending in any court or arbitration proceeding and no other action is contemplated. Plaintiff further certifies that no parties are known who should be joined in the within action.

RHEINGOLD GIUFFRA RUFFO & PLOTKIN LLP
Attorneys for Plaintiff

By: _____
Sherri L. Plotkin
NJ Bar ID No.: 024391989
splotkin@rheingoldlaw.com

Dated: May 3, 2017