IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Sherri L. Plotkin (3216)**
**Rheingold & Giuffra Ruffo & Plotkin LLP**
551 Fifth Avenue, 29th Floor
New York, NY 10176
(212) 684-1880
*Attorneys for Plaintiff*

| | |
|---|---|
| GINA BARRELLA,<br><br>      Plaintiff(s),<br><br> -against-<br><br>CITY OF ATLANTIC CITY, ALLIANCE FOR ATLANTIC CITY FOUNDATION, LIVE NATION WORLDWIDE, INC., LIVE NATION ENTERTAINMENT, INC., STRIKE FORCE PROTECTIVE SERVICES, INC., and CONTEMPORARY SERVICES CORPORATION<br><br>      Defendants(s). | CIVIL ACTION<br><br>**COMPLAINT, JURY DEMAND & CERTIFICATION PURSUANT TO LOCAL RULE 11.2**<br><br>Docket No.: |

Plaintiff GINA BARRELLA, by and through her attorneys, Rheingold Giuffra Ruffo & Plotkin, LLP and Sherri L. Plotkin, Esq. appearing, Plaintiff complains of the Defendants as follows:

### THE PARTIES

1. Plaintiff, GINA BARRELLA ("BARRELLA"), is a citizen of the State of New York residing in the County of Westchester, Town of New Rochelle and State of New York.

1

2.     Defendant, ATLANTIC CITY (hereinafter "ATLANTIC") was and still is a domestic municipal corporation duly organized and existing under and by virtue of the laws of the State of New Jersey, with a principal place of business located at 1301 Bacharach Boulevard, Atlantic City, New Jersey.

3.     Defendant ALLIANCE FOR ATLANTIC CITY FOUNDATION (hereinafter "ALLIANCE") was and still is a New Jersey not-for-profit corporation duly organized and existing under and by virtue of the laws of the State of New Jersey, with a principal place of business located at 2301 Boardwalk Hall, Atlantic City, New Jersey.

4.     Defendant LIVE NATION WORLDWIDE, INC. (hereinafter "WORLDWIDE") is a foreign business corporation duly organized and at the time of the incidents set forth herein, existing under and by virtue of the laws of the State of Delaware, with offices located at 9348 Civic Center Drive, Beverly Hills, California.

5.     Defendant LIVE NATION ENTERTAINMENT, INC. ("LIVE") is a foreign business corporation duly organized and existing under and by virtue of the laws of the State of Delaware Corporation with its principal place of business located in Beverly Hills, California.

6.     Defendant STRIKE FORCE PROTECTIVE SERVICES, INC is incorporated under the business entity Strike Force of New Jersey, Inc. pleading an alternative (DBA) as Strike Force Protective Services, INC.

7.     Defendant STRIKE FORCE PROTECTIVE SERVICES, INC (hereinafter "STRIKE FORCE") was and still is a domestic, for profit corporation duly organized and existing under and by virtue of the laws of the State of New Jersey, with a principal place of business located at 51 Progress Street, Union, NJ 07083.

2

8.      Defendant, CONTEMPORARY SERVICES CORP (hereinafter "CSC") was and still is a foreign business corporation duly organized and at the time of the incidents set forth herein, existing under and by virtue of the laws of the State of California, its principal place of business being located in Northridge, CA.

## JURISDICTION AND VENUE

9.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332, in that the amount of controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) and plaintiff is a citizen of a State which is different from the States where defendants are citizens of and where the defendants are incorporated and have their principal places of business.

10.     Venue is proper in this district because the accident occurred in Atlantic City, New Jersey in Atlantic County, which falls within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

11.     That pursuant to an Order of this Court plaintiff was granted permission to file and serve this Amended Verified Complaint.

12.     Defendant WORLDWIDE is a global entertainment company that, among other things, owns, leases, manages, and/or exclusively books musical events at various venues worldwide.

13.     Defendant WORLDWIDE is presently, and has been at all times herein mentioned, transacting business within the State of New Jersey and/or contracted to supply goods or services in the State of New Jersey.

14.     That at all times herein relevant, defendant WORLDWIDE committed a tortious act within the State of New Jersey.

3

15.     Defendant LIVE is in the business of, among other things, promoting and producing musical events at various venues.

16.     Defendant LIVE does business under the names "Live Nation", "Ticketmaster" and "Ticketweb."

17.     Defendant LIVE is presently, and has been at all times herein mentioned, transacting business within the State of New Jersey and/or contracted to supply goods or services in the State of New Jersey.

18.     That at all times herein relevant, defendant LIVE committed a tortious act within the State of New Jersey.

19.     Defendant STRIKE FORCE is in the business, among other things, of providing crowd management services including crowd control and security at various events and venues.

20.     Defendant STRIKE FORCE is presently, and has been at all times herein mentioned, a transacting business within the State of New Jersey and/or contracted to supply goods or services in the State of New Jersey.

21.     That at all times herein relevant, defendant STRIKE FORCE committed a tortious act within the State of New Jersey.

22.     Defendant CSC is in the business, among other things, of providing crowd management services including event staff and security staff at various events and venues.

23.     Defendant CSC is presently, and has been at all times herein mentioned, a transacting business within the State of New Jersey and/or contracted to supply goods or services in the State of New Jersey.

4

24.    That at all times herein relevant, defendant CSC committed a tortious act within the State of New Jersey.

25.    Defendants WORLDWIDE, LIVE, ALLIANCE, STRIKE FORCE and CSC promoted, produced, managed and provided crowd control for a musical concert which was held on August 16, 2015 featuring a band known as Maroon 5 concert (hereinafter referred to as the "Maroon 5 concert"), performed in the City of Atlantic City, State of New Jersey, which is owned by defendant ATLANTIC.

26.    The aforesaid Maroon 5 concert took place on the beach on August 16, 2015, adjacent to the section of the boardwalk situated between The Playground at Arkansas Avenue and Central Pier at St. James Place, in Atlantic City, New Jersey.

27.    On or about August 16, 2015, and for some time prior thereto, Defendants, either jointly, severally or in the alternative, either individually or by and through their employee(s), agent(s), servant(s), representative(s) and/or assignees promoted and/or sold advance tickets to the Maroon 5 concert upon payment of the requisite fees.

28.    That at all times herein mentioned, defendant ATLANTIC entered into a contract with defendant WORLDWIDE permitting a musical concert featuring the band Maroon 5 to perform on its property on August 16, 2015.

29.    That at all times herein mentioned defendant ATLANTIC entered into a contract with defendant LIVE permitting a musical concert featuring the band Maroon 5 to perform on its property on August 16, 2015.

30.     That at all times herein mentioned defendant ALLIANCE entered into a contract with defendant WORLDWIDE permitting a musical concert featuring the band Maroon 5 to perform on the beach in Atlantic City, New Jersey on August 16, 2015.

31.     That at all times herein mentioned defendant ALLIANCE entered into a contract with defendant LIVE permitting a musical concert featuring the band Maroon 5 to perform on the beach in Atlantic City, New Jersey on August 16, 2015.

32.     That at all times herein mentioned defendant STRIKE FORCE entered into a contract with defendant WORLDWIDE to provide crowd management services at a musical concert featuring the band Maroon 5 to perform on the beach in Atlantic City, New Jersey on August 16, 2015.

33.     That at all times herein mentioned defendant CSC entered into a contract with defendant WORLDWIDE to provide crowd management services at a musical concert featuring the band Maroon 5 to perform on the beach in Atlantic City, New Jersey on August 16, 2015.

## ALLEGATIONS OF DEFENDANTS' NEGLIGENCE

34.     On or about August 16, 2015, and for some time prior thereto, Defendants, either jointly, severally or in the alternative, either individually or by and through their employee(s), agent(s), servant(s), representative(s) and/or assignees were responsible to ensure that tickets to the Maroon 5 concert were not oversold.

35.     On or about August 16, 2015, and for some time prior thereto, Defendants, either jointly, severally or in the alternative, either individually or by and through their employee(s), agent(s), servant(s), representative(s) and/or assignees were responsible to ensure that the venue

6

for this scheduled Maroon 5 concert could safely accommodate the number of persons purchasing tickets to attend said concert.

36. On or about August 16, 2015, and for some time prior thereto, Defendants, either jointly, severally or in the alternative, either individually or by and through their employee(s), agent(s), servant(s), representative(s) and/or assignees was/were responsible for all aspects of providing a safe and secure environment at the concert for paid attendees.

37. On or about August 16, 2015, and for some time prior thereto, Defendants, either jointly, severally or in the alternative, either individually or by and through their employee(s), agent(s), servant(s), representative(s) and/or assignees was/were responsible for all aspects of providing a safe and secure environment at the concert for paid attendees, including but not limited to, the provision of security and/or law enforcement.

38. That on or about August 16, 2015, defendants either jointly, severally or in the alternative, either individually or by and through their employee(s), agent(s), servant(s), representative(s) and/or assignees was/were responsible for the supervision and crowd control at the concert.

39. At all times relevant to this complaint defendants either jointly, severally or in the alternative, either individually or by and through their employee(s), agent(s), servant(s), representative(s) and/or assignees was/were responsible pursuant to a contractual and/or other agreement with defendant ATLANTIC to provide public safety, law enforcement and/or security and/or other relevant services at the aforesaid Maroon 5 concert.

40. On August 16, 2015 and at all relevant times herein mentioned Defendants, either jointly, severally or in the alternative, either individually or by and through their employee(s),

7

f.      any and all such further relief as this Court deems just and proper.


RHEINGOLD GIUFFRA RUFFO & PLOTKIN LLP
Attorneys for Plaintiff

By: _____

Sherri L. Plotkin
NJ Bar ID No.: 024391989
splotkin@rheingoldlaw.com


Amended: August 2, 2017

11

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I hereby certify that to the best of my personal knowledge that the within claims of Plaintiff are not the subject of any other action pending in any court or arbitration proceeding and no other action is contemplated. Plaintiff further certifies that no parties are known who should be joined in the within action.

RHEINGOLD GIUFFRA RUFFO & PLOTKIN LLP
Attorneys for Plaintiff

By: _____
Sherri L. Plotkin
NJ Bar ID No.: 024391989
splotkin@rheingoldlaw.com

Dated: August 2, 2017

12

## CERTIFICATE OF SERVICE

I hereby certify that, on the 2nd day of August 2017, a true and correct copy of the foregoing **AMENDED COMPLAINT** were caused to be electronically submitted to the clerk of the court for the U.S. District Court for the District of New Jersey, using the electronic case files system of the Court. I hereby certify that I have caused all counsel of records to be electronically served via the Court's NJD ECF system as set forth below:

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**
Attorneys for Defendants
15000 Midlantic Drive, Suite 200
P.O. Box 5429
Mt. Laurel, NJ 08054
(858)-414-6000

                              RHEINGOLD GIUFFRA RUFFO & PLOTKIN LLP
                              Attorneys for Plaintiff

                    By: _____
                              Sherri L. Plotkin
                              NJ Bar ID No.: 024391989
                              splotkin@rheingoldlaw.com

Dated: August 2, 2017

13

Case No.: 1:17 –CV-03048-RBK-AMB

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GINA BARRELLA

Plaintiff,

-against-

CITY OF ATLANTIC CITY, ALLIANCE FOR ATLANTIC CITY FOUNDATION, LIVE NATION WORLDWIDE, INC., LIVE NATION ENTERTAINMENT, INC., STRIKE FORCE PROTECTIVE SERVICES, INC., and CONTEMPORARY SERVICES CORPORATION

Defendants.

**AMENDED COMPLAINT**

RHEINGOLD GIUFFRA RUFFO & PLOTKIN LLP
Attorneys for the Plaintiff
551 Fifth Avenue, 29th Fl.
New York, N.Y. 10176
Tel:    (212) 684-1880